## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MATTHEW MOORE,

        Plaintiff,              Case Number: 2:13-CV-13600

v.                                       HONORABLE GERSHWIN A. DRAIN
                                       UNITED STATES DISTRICT JUDGE

BRANDI HAMPTON, ET AL.,

        Defendants.
_____/

### ORDER SUMMARILY DISMISSING COMPLAINT AND
### DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff Matthew Moore filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. He is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). Plaintiff is currently incarcerated at the Oaks Correctional Facility in Manistee, Michigan, pursuant to a first-degree criminal sexual conduct conviction. Plaintiff names three defendants, Brandi Hampton, a Child Protective Services Investigator, Laura Manzella, a city of Detroit police officer, and the Detroit Police Department. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. For the reasons that follow, the complaint will be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**I.    Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

      Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

      To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Plaintiff's Motion to Amend

Plaintiff has filed a motion for leave to amend the complaint to terminate Telesha A. Monroe as a co-plaintiff. Ms. Monroe is Plaintiff's biological child and also the victim of the criminal sexual conduct conviction under which he is currently incarcerated. Plaintiff is the biological father of Ms. Monroe's two children, Andrew and Noah.

Petitioner already has filed an amended complaint. Therefore, he may file further amendments only by leave or court. Federal Rule of Civil Procedure 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(3).

Telesha Monroe is not a party-plaintiff in this case. Although Plaintiff indicated in his original complaint that she was a plaintiff, she was not listed as such on the Court's docket. Nor should she have been. She did not sign the complaint as required by Federal Rule of Civil Procedure 11(a), nor is there any indication that she was even aware of Plaintiff's intent to file this case. Plaintiff's request to terminate her as a party is moot.

In addition, Plaintiff's motion includes allegations that his biological children are being mistreated by Shirley Moore, a family member who is currently caring for them. These claims are not properly raised in a complaint filed under § 1983. Therefore, the interests of justice would not be served by allowing Plaintiff to amend his compliant to include these allegations. The Court will deny Plaintiff's motion.

## III. Discussion

Plaintiff's allegations arise from defendants' attempts to discover the paternity of his child Telesha Monroe's two children and the related criminal proceedings. Defendant Hampton was apparently investigating the well-being of several children in Plaintiff's home following the death

of a 4-month-old baby. In pursuing this investigation, she began to suspect that Plaintiff was the father of Ms. Monroe's two children. DNA tests established Plaintiff's paternity. Plaintiff alleges that defendants violated his due process in investigating his paternity because Mr. Monroe made no complaints that should have triggered an investigation and that his criminal trial was unfair because the test results were improperly admitted.

Plaintiff's claims are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under the *Heck* doctrine, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or sentence invalid, until and unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486–87; *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This holds true regardless of the relief sought by the plaintiff. *Heck*, 512 U.S. at 487-89. The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. If Plaintiff were to prevail on his claims concerning the validity of his criminal proceedings, his conviction and continued confinement would be called into question. Consequently, such claims are barred by *Heck* and must

be dismissed.  This dismissal is without prejudice.[1]

**IV.     Conclusion**

The Court denies Plaintiff's Motion to Amend Complaint [dkt. # 8].

The Court dismisses the complaint without prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because the claims are barred by *Heck v. Humphrey*.

SO ORDERED.

/s/Gershwin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: January 22, 2014

---

[1] *See Hodge v. City of Elyria*, 126 F. App'x 222, 223 (6th Cir. 2005) (holding that a case dismissed pursuant to *Heck* should be dismissed without prejudice so that plaintiff may re-assert claims if plaintiff obtains reversal or expungement of convictions).

5