UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW MOORE,

       Plaintiff,                              Case No. 13-cv-13600
                                               HON. GERSHWIN A. DRAIN

vs.

BRANDI HAMPTON, *et al.*,

       Defendants.

_____/

**ORDER DENYING MOTION FOR IMMEDIATE REMOVAL OF
DISPOSITIONS AND REQUEST FOR HEARING [#18]**

Presently before the Court is Plaintiff's Motion for Immediate Removal of Dispositions and Request for Hearing, filed on January 4, 2016. This Court issued an Amended Order summarily dismissing this matter on November 17, 2014. The Court issued the Amended Order to correct the Order's misstatement concerning the paternity of the victim in Plaintiff's criminal case. Thereafter, Plaintiff filed another Motion to Amend requesting that the Court correct a misstatement concerning his marital status. The Court's February 6, 2015 Order denied Plaintiff's request for another amendment concluding that the records before the Court suggested there was

-1-

no factual error and, more importantly, correction of the purported error would not alter the disposition of this case due to the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). *See* Dkt. No. 17. The Court will construe Plaintiff's current Motion as a Motion for Reconsideration because Plaintiff again requests correction of this Court's previous Order's statements concerning his marital status.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan governs Motions for Reconsideration and provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Upon review of Plaintiff's present motion, the Court finds that Plaintiff has failed to demonstrate a palpable defect by which this Court has been misled the correction of which will result in a *different* disposition of this matter. Plaintiff's claims are barred by the doctrine of *Heck v. Humphrey*, *supra*, because ruling on his claims could invalidate his conviction for first degree criminal sexual conduct outside of the proper channel for challenging such conviction. Alleged factual errors in this Court's Order summarily dismissing this matter based on the *Heck* doctrine are of no consequence to the disposition of his claims.

Accordingly, Plaintiff's Motion for Immediate Removal of Dispositions and Request for Hearing [#18] is DENIED.

SO ORDERED.

/s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2016

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Matthew Moore, #362785, Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI, 49660, on
July 14, 2016, by electronic and/or ordinary mail.

/s/ Shawna Burns on behalf of Tanya Bankston
Case Manager